UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 93-6999-CV-LENARD/TURNOFF

JACK L. ARONOWITZ,

    Plaintiff,

vs.

HOME DIAGNOSTICS, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon an Order of Referral entered by the Honorable Joan A. Lenard on January 20, 2010 **[D.E. 360]**, and Plaintiff Jack Aronowitz' ("Plaintiff") Motion to Re-open Case and for Status Conference **[D.E. 352]**, which was filed on November 25, 2009. The request for a status conference was granted and same took place before the undersigned on Friday, February 19, 2010. **[D.E. 361, 362]**.

Upon review of the Motion **[D.E. 352]**, the Response **[D.E. 356]**, the Reply **[D.E. 359]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### I. Background

Plaintiffs, Technical Chemicals & Products, Inc. and Jack Aronowitz brought suit against Defendant Home Diagnostics, Inc., alleging, *inter alia*, infringement of two registered patents, i.e., U.S. Patent Nos. 4,774,192 ("192") and 4,877,580 ("580").[1] A bench trial took place before now-

---

[1] Due to the limited record in this case, the bulk of the factual and procedural background referred to *supra* was generated from an Order to Reconstruct the Record entered by U.S. Magistrate Judge Andrea M. Simonton on February 17, 2006. **[D.E. 349]**.

retired Judge Edward B. Davis on September 18-22, 1995. After trial, Judge Davis entered Findings of Fact and Conclusions of Law. **[D.E. 203]**. The Court concluded that Defendant had not infringed the '192 patent, and that although Defendant's products appeared to fall within the '580 patent, Plaintiff had failed to prove that Defendant's license to use such products had been validly terminated. Accordingly, Judgment was entered in favor of Defendants on all counts. An appeal followed. **[D.E. 207, 208]**.

The Court of Appeals for the Federal Circuit, affirmed-in-part, reversed-in-part, and remanded the case to the district court, with the following instructions:

> In conclusion, the district court erred in construing the claims of the '192 and '580 patents, which had the effect of tainting the court's infringement analysis. Therefore, we reverse the court's finding of noninfringement of the '192 patent and remand for further findings under the correct claim construction. We affirm the court's decision that HDI's Ultra + Blood Glucose Color Chart, when coupled with HDI's Ultra+ test strips, does not infringe claim 1 of the '580 patent, but on a different basis than that upon which the district court relied. We reverse the court's decision that HDI's LipoScan product does not infringe claim 1 of the '580 patent, and we find infringement as a matter of law; and we remand for further proceedings consistent with this opinion. Finally, we vacate the court's findings relating to the existence of licenses under the 1988 and 1990 agreements and on the issue of standing and remand for further proceedings.

**[D.E. 212]**.

Prior to retiring, Judge Davis entered Amendments to the original Findings of Fact and Conclusions of Law **[D.E. 246]** and outlined the issues that were to be addressed on remand as follows:

> (1) Whether Plaintiffs have standing to bring suit on the '192 and '580 patents;
>
> (2) Whether Defendant's Ultra+ test strip membranes contain a porosity gradient after chemical conditioning, thereby infringing Claim 11 of the '192 patent;
>
> (3) Whether the porosity gradient limitation of Claim 11 is met under the doctrine of equivalents;

(4) If the Court finds infringement of Claim 11 of the '192 patent, the Court must decide whether Defendant's product also infringes dependent Claims 14 and 15 and whether Defendant is protected from an infringement claim by virtue of its licensing agreements;

(5) Whether the '580 patent was covered by Defendant's licensing agreements. If so, the Court must determine whether Defendant breached the agreements and the proper remedy for any such breaches. If the '580 patent was not covered by the agreements, the Court must determine damages for Defendant's infringement of the '580 patent.

**[D.E. 246]**.

As to standing, Judge Davis determined that both Plaintiffs had standing to assert rights under the patents. As to No. 2, Judge Davis determined that Claim 11's porosity gradient limitation was not met, and that there was no infringement of the '192 patent. As to No. 3, the Court found that Plaintiff failed to prove infringement. As to No. 4, the Court found that based upon his finding as to No. 3 *supra*, there could be no infringement as to claims 14 and 15 of the '192 patent. The final issue, No. 5, was not addressed. Id.

Subsequently, Plaintiffs filed a Motion for Additional Findings requesting that the court address the final issue – the '580 patent. **[D.E. 247]**. Prior to making any findings, Judge Davis retired and the case was transferred to the Honorable Joan A. Lenard. **[D.E. 249]**.

After the transfer, the Court referred several matters to Magistrate Judge Simonton. **[D.E. 280, 281]**. In February 2006, Judge Simonton determined that the record was missing substantial portions, and instructed the parties as follows:

> The chambers of the undersigned Magistrate Judge has been attempting to locate the complete record in this case since the date of the order of reference. However, neither the Clerk of this Court nor the appellate court have been able to locate substantial portions of the record. The undersigned notes that one of the missing items, Docket Entry 211, is the transcript of the last day of trial which was held before Judge Davis on September 22, 1995. In addition, both parties refer to certain of the missing items in their respective memoranda concerning their positions on the entry of final judgment. Therefore, the parties are directed to reconstruct the record with respect to the following missing items, or to file proposals regarding the resolution of this case in the absence of those materials: Docket Entries 33

>through 34; Docket Entry 19; Docket Entry 23; Docket Entries 31-197; Docket Entry 202; and Docket Entry 211, as well as the trial exhibits.

**[D.E. 349]**.

Judge Simonton's February 17, 2006 Order noted *supra* constitutes the last record activity prior to the filing of the instant Motion **[D.E. 352]** by Plaintiff on November 25, 2009. The docket reflects that the case was administratively closed on February 21, 2006 upon the entry of Judge Simonton's Order. **[D.E. 350]**.

## II. Analysis

At the outset, the Court notes that Plaintiff's motion was filed without the required memorandum of law. Pursuant to Rule S.D.Fla.L.R. 7.1, the Court could have denied the Motion by default.[2] In the interest of having the Motion decided on the merits, the undersigned has reviewed same on a substantive basis.

As previously noted, after over four (4) years of inactivity, Plaintiff is now requesting that this case be reopened. In the Motion **[D.E. 352]**, Plaintiff argues that this case was "administratively closed" solely for the purpose of allowing the parties to reconstruct the record, as per Judge Simonton's Order. Plaintiff urges that the case must be reopened because the pending '580 patent issues have not been litigated and no final judgment was ever entered. In this connection, Plaintiff argues that despite efforts, neither counsel have been able to reconstruct the entire record. Plaintiff suggests, however, that the pending issues can be determined on a limited record and that "any evidentiary hearing to resolve factual disputes should be through a new trial, in light of the

---

[2]The Court notes that Plaintiff later submitted a memorandum of law with case citations by way of his Reply. **[D.E. 359]**.

4

original fact finder's retirement." **[D.E. 352]**.

Plaintiff claims to have "constructed the trial transcripts and possess sufficient papers and trial evidence to try the remaining issues of the '580 patent." Id. at ¶ 8.

Defendant, on the other hand, argues that the motion should be denied due to, among other things, years of neglect and inactivity on the part of Plaintiff. **[D.E. 356]**. According to Defendant, this case was closed in 2006 and has since then been abandoned by Plaintiff. Defendant further notes that Plaintiff has failed to set forth any efforts and/or steps taken to reconstruct the record over the past four (4) years. Id.

In his Reply, Plaintiff indicates that he attempted to reconstruct the record by, *inter alia*, requesting Defendant's cooperation, searching through numerous boxes of both appellate and bankruptcy documents. **[D.E. 359]**. Plaintiff argues that the court's prior Orders are to be read as directing *both parties* to act by either reconstructing the record or by way of stipulation. According to Plaintiff, Defendant has done nothing in furtherance of same and is itself responsible for the delay.

In this regard, Plaintiff argues that the passage of time, in and of itself, cannot be taken as evidence of an unreasonable delay, because: (1) none of the pertinent Orders from the Court set any time period, and (2) the record in this action reflects significant periods of time between events.

Plaintiff further contends that Defendant's arguments ignore the existing unfulfilled mandate of the appellate court. Absent a settlement, Plaintiff argues, the mandate must be fulfilled.

### A. Legal Standard on a Motion to Reopen

Motions to reopen cases are generally committed to the sound discretion of the trial court. Wells by Maihafer v. Ortho Pharm. Corp., 615 F.Supp. 262 (D.C. Ga. 1985)(noting that undue hardship and expense caused by having to bring back expert witnesses to testify are considerations

in reviewing motions to reopen). Such motions are less favorably received after the court has rendered its decision, even if formal findings of fact and conclusions of law have not been made. See Caracci v. Brother Int'l. Sewing Machine Corp. of La., 222 F. Supp. 769, 771 (E.D. La. 1963) aff'd by, 341 F. 2d 377 (5th Cir. 1965).

The Court concedes that the procedural history of this case is unique. In fact, the court has found no case law that even comes close to addressing the instant circumstances. These types of motions, however, are generally seen in the context of bankruptcy cases. In reviewing such motions, courts consider, among other things, how long the case has been closed. The longer the time between the closing and the motion to reopen, the more compelling the reason for reopening should be. See Mohorne v. Beal Bank, 419 B.R. 488(S.D. Fla. 2009)(citing In re Case, 937 F. 2d 1014, 1018 (5th Cir. 1991)); see also, J & W Fence Supply Co., Inc., v. U.S.A., 230 F. 3d 896(7th Cir. 2000)(district court did not abuse its discretion in denying a motion to reopen case, given plaintiff's delay). In Mohorne, for example, the Court affirmed a bankruptcy court's refusal to reopen a case that had been closed six (6) years prior. Id. at 493.

Plaintiff has cited to *dicta* in cases that have been reopened after 2-3 years under different circumstances. See Trustees of the Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc., 374 F. 3d 1035 (11th Cir. 2004)(trial court allowed two years between administrative closing of case and the filing of a motion to reopen); Gulf Machinery Sales & Engineering Corp. v. Heublein, Inc., 211 F. Supp. 2d 1357 (M.D. Fla. 2002)(case reopened after three years pending disposition of related appeal). Those two cases, however, are distinguishable from the case at bar in that in both instances, the cases were stayed pending action by someone/entity other than the parties.

For example, in Gulf Machinery, the case was administratively closed pending disposition of an appeal in a related case. Gulf Machinery, 211 F.Supp. 2d at 1358. In Wolf Crane, the administrative closure was entered pending the outcome of an arbitration proceeding. Wolf Crane, 374 F.3d at 1036. In other words, unlike the instant matter, those litigants were waiting for *others* to take action. In this case, it is the *the parties* themselves that were required to take action.

## B. Judge Lenard's Order

Judge Lenard's February 21, 2006 Order Administratively Closing Case specifically instructed the parties as follows:

> Once the record has been reconstructed or once the Parties have stipulated as to how this action may proceed without the documents identified in Magistrate Judge Simonton's February 17, 2006 Order, either party may file a motion to reopen this case.

[D.E.350].

There has been no record activity since Judge Lenard's Order.[3] While Plaintiff correctly asserts that the court's Orders do not contain a deadline, it is implicit that compliance with court orders shall be forthwith. It is highly unlikely that Judge Lenard envisioned a scenario wherein the case would sit idle for over four (4) years. At a minimum, the parties were under an obligation to update the Court as to their progress or lack thereof. No such updates took place.

In circumstances such as these, the equitable defense of laches may be applied if the defendant can show: (1) a delay in asserting a right or claim, (2) that the delay was not excusable, and (3) that there was undue prejudice to the party against whom the claim is asserted. Kason v. Component Hardware Group, Inc., 120 F. 3d 1199 (11th Cir. 1997)(citing AmBrit, Inc. v. Kraft, Inc.,

---

[3]The Court notes that a transcript filed as **[D.E. 351]** on September 24, 2008, does not appear to relate to this case.

812 F. 2d 1531, 1545 (11th Cir. 1986)). For reasons stated above, the undersigned finds that all three elements exist here. First, there is no question that this matter has been significantly delayed. Second, the undersigned is not persuaded that the delay was excusable. In fact, upon questioning by the Court, Plaintiff's counsel summarized his efforts over the past four (4) years as: reviewing documents, conferring with counsel, and contacting the Court of Appeals. No viable excuse was provided. As to the final element, Plaintiff argues that Defendant has failed to demonstrate prejudice. See [D.E. 359] at p.4. The undersigned disagrees.

Defendant indicates that in its view "the case [had been] apparently abandoned *again* by Plaintiff." [D.E. 356]. Defendant further indicates that the boxes from the 1995 trial were long ago purged and/or stored. Id. Conducting a trial after four (4) years of inactivity and an administrative closure, coupled with the procedural posture and lack of record evidence herein, will no doubt prejudice all parties involved.

Consistent with the above and foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion **[D.E.352]** be **DENIED**.

### C. Unresolved Mandate

The Court recognizes that the Mandate from the appellate court remains partially unresolved. In this connection, the law in the Eleventh Circuit concerning the obligations of a district court to follow mandates is settled. Appellate courts have the power to issue mandates which are commands that cannot be ignored. Litman v. Mass. Mut. Life Ins., 825 F. 2d 1506 (11th Cir. 1987).

When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order. Litman, 825 F. 2d at 1506. A district court

when acting under the appellate court's mandate, "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." Id. (citing, In re Sanford Fork, 160 U.S. at 255).

However, our circuit recognizes that there are cases wherein a seemingly specific mandate – such as an order for a new trial – may wind up with a different result upon remand. Id. at 1512. In such cases, however, the opinion, when viewed in its totality, supports the alternative disposition. Id. (citing Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F. 2d 557(7th Cir. 1995)(remand for new trial did not necessarily mean that a trial would be necessary when the district court was instructed to look at the contractual provisions governing termination rights and then make a determination as to damages); Shelkofsky v. Broughton, 388 F. 2d 977 (5th Cir. 1968)(reversal on appeal did not preclude district court from disposing of the case summarily if the evidence offered was insufficient to warrant submission to the jury.)

Consistent with the findings and recommendations noted above, the undersigned **RESPECTFULLY RECOMMENDS** that Final Judgment be entered consistent with said findings, the prior findings of Magistrate Judge Simonton, the prior findings of Judge Davis, and the record in its present state.

Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,

reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 15th day March 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Joan A. Lenard
      Counsel of Record