UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-06999-CIV-LENARD/TURNOFF

**JACK L. ARONOWITZ**,

    Plaintiff,

v.

**HOME DIAGNOSTICS, INC.**,

    Defendant.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION (D.E. 363) AND DENYING MOTION TO REOPEN CASE (D.E. 352)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 363), issued on March 15, 2010, recommending denial of Plaintiff's Motion to Reopen Case and for Status Conference ("Motion to Reopen," D.E. 352), filed on November 25, 2009.[1]  Plaintiff filed objections to the Report ("Objections," D.E. 364) on March 29, 2010, to which Defendant filed a response ("Response," D.E. 368) on April 6, 2010.  Based upon a de novo review of the Report, the objections, response, the transcript of the hearing, the related pleadings, and the record, the Court finds as follows.

---

[1] On January 4, 2010, Defendant filed its response in opposition to the Motion to Reopen, to which Plaintiff filed a reply on January 15, 2010.  (See D.E. 356, 359).  The Magistrate Judge held a hearing on the matter on February 19, 2010.  (See D.E. 362, 367.)

### I.   Background

#### A.   Procedural History

The original complaint in this action was filed on November 22, 1993. Plaintiffs, Technical Chemicals & Products, Inc.[2] and Jack Aronowitz ("Aronowitz"), alleged, *inter alia*, infringement of two registered patents, U.S. Patent Nos. 4,774,192 ("192") and 4,877,580 ("580"). The matter proceeded to a bench trial before the late Judge Edward B. Davis on September 18-22, 1995. In his Findings of Fact and Conclusions of Law (D.E. 203), Judge Davis determined that Defendant had not infringed the '192 patent and although Defendant's products may have fallen within the '580 patent, Plaintiff had failed to prove that Defendant's license to use those products was validly terminated. Judgment was entered in favor of Defendant as to all counts on September 3, 1996. (See D.E. 204.)

On appeal, the Court of Appeals for the Federal Circuit affirmed-in-part, reversed-in-part, vacated-in-part, and remanded the case back to Judge Davis. (See "Mandate," D.E. 212.) The appellate court decision, issued on May 4, 1998, provided the following instructions:

> In conclusion, the district court erred in construing the claims of the '192 and '580 patents, which had the effect of tainting the court's infringement analysis. Therefore, we reverse the court's finding of noninfringement of the '192 patent and remand for further findings under the correct claim construction. We affirm the court's decision that HDI's Ultra+ Blood Glucose Color Chart, when coupled with HDI's Ultra+ test strips, does not infringe claim 1 of the '580 patent, but on a different basis than that upon which the district court

---

[2]   Technical Chemicals & Products, Inc. is no longer a party in this case. (See D.E. 303, 304, 349 n.1.)

> relied. We reverse the court's decision that HDI's LipoScan product does not infringe claim 1 of the '580 patent, and we find infringement as a matter of law. We reverse the court's finding that HDI did not infringe claim 8 of the '580 patent; we find infringement as a matter of law; and we remand for further proceedings consistent with this opinion. Finally, we vacate the court's findings relating to the existence of licenses under the 1988 and 1990 agreements and on the issue of standing and remand for further proceedings.

(Id. at 24.)

On May 1, 2000, Judge Davis amended his prior findings of fact and conclusions of law. (See "Amended Findings," D.E. 246.) In his Amended Findings, Judge Davis stated that the parties and the Court were in "general agreement" as to the remaining issues on remand and listed those issues as:

1. Whether the Plaintiffs have standing to bring suit on the '192 and '580 patents.
2. Whether Defendant's Ultra+ test strip membranes contain a porosity gradient after chemical conditioning, thereby infringing Claim 11 of the '192 patent.
3. Whether the porosity gradient limitation of Claim 11 is met under the doctrine of equivalents.
4. If the Court finds infringement of Claim 11 of the '192 patent, the Court must decide whether Defendant's product also infringes dependent Claims 14 and 15 and whether Defendant is protected from an infringement claim by virtue of its licensing agreements.
[5.] Whether the '580 patent was covered by Defendant's licensing agreements. If so, the Court must determine whether Defendant breached the agreements and the proper remedy for any such breaches. If the '580 patent was not covered by the agreements, the Court must determine damages for Defendant's infringement of the '580 patent.

(Id. at 2.) As to the first issue, Judge Davis determined that both plaintiffs possessed standing. As to the second issue, he determined Claim 11's porosity gradient limitation was not met and there was no infringement of the '192 patent. As to the third issue, the Court

3

determined Plaintiffs had failed to prove infringement. Regarding the fourth issue, Judge Davis found there could be no infringement of Claims 14 and 15 of the '192 patent given his prior findings. Judge Davis did not address the remaining issue phrased in terms of, "[w]hether the '580 patent was covered by Defendant's licensing agreements. If so, the Court must determine whether Defendant breached the agreements and the proper remedy for any such breaches. If the '580 patent was not covered by the agreements, the Court must determine damages for Defendant's infringement of the '580 patent."

On May 15, 2000, Plaintiffs requested the Court make additional findings with regard to the remaining issue. (See D.E. 247.) On May 19, 2000, Judge Davis granted that request and advised the parties he would render additional findings on issues related to the '580 patent. (See D.E. 248.) However, prior to making any findings, Judge Davis retired and the case was reassigned to the undersigned on June 16, 2000. (See D.E. 249.)

Upon reassignment, the Court referred several matters, including disposition of the remaining issue, to Magistrate Judge Simonton. On February 17, 2006, approximately six years after reassignment to the undersigned and with little forward activity,[3] Magistrate Judge Simonton issued an Order to Reconstruct the Record ("Order to Reconstruct," D.E. 349) and

---

[3] After the case was reassigned, the record reflects substantial periods of inactivity and delay. On at least two occasions, the Court issued orders directing Plaintiff to show cause why the case should not be dismissed for lack of prosecution. (See D.E. 269 (ordering Plaintiff to show cause why the case should not be dismissed for lack of prosecution for failure to notify the Court regarding substitution of counsel); D.E. 301 (ordering Plaintiff to show cause why the case should not be dismissed for lack of prosecution as no pleadings or motions had been filed between February 6, 2003, and September 10, 2003).)

made the following findings:

> The parties agree, and the undersigned concurs, that the only issues which remain for this Court concern the '580 patent, which were briefed by the parties prior to the retirement of Judge Davis. The resolution of these issues is complicated by the fact that this Court did not hear the testimony presented at trial, and therefore is not in a position to judge the credibility of witnesses if any additional findings required under the terms of the remand require credibility determinations. Therefore, it is necessary to determine whether the factual findings expressly made by Judge Davis, as amended, combined with any undisputed facts in the record, are sufficient to resolve the issues remaining under the terms of the remand from the Federal Circuit. To make this determination, it is necessary to evaluate each issue, examine the original findings made by Judge Davis, examine the extent to which those findings were altered by the Federal Circuit, and then examine the amended findings by Judge Davis to determine whether the factual questions have been resolved. If not, the evidence in the record needs to be examined to determine whether the undisputed evidence is sufficient to resolve the remaining issues without the need for credibility determinations.
>
> ***
>
> The chambers of the undersigned Magistrate Judge has been attempting to locate the complete record in this case since the date of the order of reference. However, neither the Clerk of this Court nor of the appellate court have been able to locate substantial portions of the record. The undersigned notes that one of the missing items, Docket Entry 211, is the transcript of the last day of the trial which was held before Judge Davis on September 22, 1995. In addition, both parties refer to certain of the missing items in their respective memoranda concerning their positions on the entry of final judgment. Therefore, the parties are directed to reconstruct the record with respect to the following missing items , or to file proposals regarding the resolution of this case in the absence of those materials: Docket Entries 33 through 34; Docket Entry 19; Docket Entry 23; Docket Entries 31 through 197; Docket Entry 202; and Docket Entry 211, as well as the trial exhibits. Based upon the above review of the record, it is hereby **ORDERED** that the parties shall confer with respect to the above items and either reconstruct the record, or file proposals regarding the resolution of this case in the absence of those materials.

(D.E. 349 at 5-6.)  On February 21, 2006, the Court administratively closed this case and

instructed the Parties that, "[o]nce the record has been reconstructed or once the Parties have

stipulated as to how this action may proceed without the documents identified in Magistrate Judge Simonton's February 17, 2006, Order, either Party may file a motion to reopen this case." ("Order Administratively Closing Case," D.E. 350.) The record reflects that there was no activity between February 21, 2006, when the case was closed, and November 25, 2009, when Plaintiff filed his Motion to Reopen, a span of over three years and nine months.[4]

### B. Report and Objections

The Report recommends that Plaintiff's Motion to Reopen be denied and final judgment entered consistent with the Magistrate Judge's findings, the prior findings of Magistrate Judge Simonton, the prior findings of Judge Davis, and the record in its present state. (Report at 8-9.) First, the Report notes that Plaintiff's Motion to Reopen could have been denied by default for failure to file a memorandum of law in compliance with Local Rule 7.1. (Id. at 4.) Nonetheless, addressing the motion on the merits, the Magistrate Judge found that after four years of inactivity the case should not be reopened.[5] The Report finds that while the Order Administratively Closing Case did not specify a deadline, "[a]t a minimum, the parties were under an obligation to update the Court as to their progress or lack thereof" and "[n]o such updates took place." (Id. at 7.) The Magistrate Judge specifically found that no viable excuse existed for the significant delay in this case and "[c]onducting

---

[4] Docket entry No. 351 constitutes a transcript from an unrelated case, erroneously filed in this case and subsequently corrected by the Clerk. (See D.E. 351, 369.)

[5] The Magistrate Judge appears to have been referring to the fact that no activity had taken place in this case in the approximately four years since the case was administratively closed (aside from that relating to the instant Motion to Reopen).

a trial after four (4) years of inactivity and an administrative closure, coupled with the procedural posture and lack of record evidence herein, will no doubt prejudice all parties involved." (Id. at 8.) Thus, the Magistrate Judge recommends denial of Plaintiff's Motion to Reopen. Next, recognizing "that the Mandate from the appellate court remains partially unresolved," the Magistrate Judge found that final judgment should be entered consistent with prior findings and the record in its present state. (Id. at 8-9.)

Plaintiff objects to the Report on the grounds that (1) pursuant to the mandate of the appellate court this Court must determine the remaining issue on the merits and (2) the Magistrate Judge improperly applied the doctrine of "laches" to this case. First, Plaintiff contends the Court must fulfill the mandate of the Federal Circuit and address the remaining issue pertaining to the '580 patent. (Objections at 2-4.) Next, Plaintiff contends the doctrine of "laches" should not apply. Nevertheless, Plaintiff also believes that the Magistrate Judge applied the wrong standard when he failed to apply the standard generally applicable in patent infringement cases. (Id. at 5.) Plaintiff also contends that he is not solely responsible for any delay because the trial exhibits were released to Defendant per docket entry 206 and Plaintiff attempted to reconstruct the record on his own. (Id. at 6.) Plaintiff also believes that nothing in the Order to Reconstruct Record provided a deadline for reconstruction or even required reconstruction since the Parties could have stipulated to the record in its then current state. (Id. at 7.) Additionally, Plaintiff contends Defendant is not materially prejudiced by the reopening of this case and he could not (and has not) abandoned the

7

determination of the remaining claim in light of the appellate court mandate. (Id. at 9-10.) Finally, Plaintiff states, "there is a question, given the retirement of the fact finder, whether Mr. Aronowitz is entitled to a new trial on the issues pertaining to the '580 patent, as well as whether a new trial is within the scope of the mandate." (Id. at 10-11.)

In its Response, Defendant argues the Report fulfills the appellate court mandate by entering final judgment. (Response at 2-3.) Defendant also contends that while Plaintiff attempts to lay blame for the failure to construct a record, all Plaintiff has offered in terms of efforts taken to complete reconstruction is that "he reviewed documents, conferred with counsel, and contacted the Court of Appeals." (Id. at 4-5.) This despite approximately "33,048 hours between the time his case was closed and the time when Plaintiff moved to re-open it." (Id.) With regard to the release of trial exhibits, Defendant notes that only Defendant's own exhibits were released to it in 1996. (Id. at 6.) Defendant also refutes the argument that it was uncooperative in reconstructing the record and asserts that a review of counsel's billing records indicates no communications with Plaintiff's counsel took place in the last four years (excluding communication regarding the Motion to Reopen). (Id. at 6 n.6.) Furthermore, Defendant attaches the affidavit of a corporate representative representing that (1) all of the defense witnesses at trial left the company many years ago and it is unknown whether they are alive or could be found; (2) the case concerns facts and contracts from the 1980s and no present employees have any personal knowledge regarding the relevant facts or issues; (3) the product at issue has not been produced or distributed for over fifteen years;

(4) the whereabouts of the signatory on the licensing contracts at issue has been unknown for years; and (5) Defendant has been operating under a belief that Plaintiff abandoned his claims since there has been no activity for years. (Id. at 7-8, 15-16.) Defendant adds that reopening this case would be prejudicial as "boxes from the 1995 trial were long ago purged and/or stored *after* Plaintiff abandoned his case, the witnesses are long gone, and the [sic] none of the present employees of HDI have any knowledge of the facts or contracts that were at issue before the case was closed." (Id. at 11.)

## II.    Standard of Review

Upon receipt of the Report and the objections of the parties, the Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

## III.   Discussion

Courts possess discretion in determining whether to reopen a case. See Wells v. Ortho Pharm. Corp., 615 F. Supp. 262, 298 (D.C. Ga. 1985) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331-32 (1971); United States v. One 1972 44' Striker, Bonanza, 753 F.2d 867, 869 (11th Cir. 1985)). In addition, "a motion to reopen is less

9

favorably received after the court has rendered its decision, even if formal findings of fact and conclusions of law have not been made and judgment entered." Id. (citing Caracci v. Brother Int'l Sewing Machine Corp. of La., 222 F. Supp. 769, 771 (E.D. La. 1963, aff'd by, 341 F.2d 377 (5th Cir. 1965)).[6]

The Court adopts the findings of the Magistrate Judge and denies Plaintiff's Motion to Reopen. First, the Magistrate Judge did not err in referencing the equitable doctrine of "laches" in this case. (See Report at 7 (citing Kason v. Component Hardware Group, Inc., 120 F.3d 1199 (11th Cir. 1997)).) This case has suffered an extraordinary amount of delay. The Federal Circuit issued its mandate **over twelve years ago**. Judge Davis entered his Amended Findings as to issues 1-4 **over ten years ago**. Magistrate Judge Simonton ordered the Parties to reconstruct the record and this case was administratively closed over **four years ago**. In addition, Plaintiff has offered no viable justification for the delay. Plaintiff has failed to provide evidence that he made any reasonable effort to prosecute his claim after the case was administratively closed. Even assuming Plaintiff was unable to reconstruct the record on its own and could not obtain any stipulation from Defendant, there is no excuse for waiting approximately three years and nine months to raise this issue with the Court. In addition, the Court finds that reopening this case is prejudicial to Defendant. Defendant indicates that many of its records have been purged and it is no longer able to locate any of

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

the witnesses or materials necessary to defend this claim. Defendant also indicates it believed Plaintiff to have abandoned his claim after such a long period of inactivity. The remaining issue also involves a product that has not been distributed or produced for over fifteen years. Nevertheless, Plaintiff now asks for a new trial.

The Court also adopts the findings of the Magistrate Judge, and those prior findings of Judge Davis and Magistrate Judge Simonton, in fulfilling the mandate of the appellate court. As to those issues identified by Judge Davis as issues 1-4 in his Amended Findings, the Court adopts the prior findings of Judge Davis and final judgment is appropriate as to those claims. Accordingly, consistent with this Order, it is **ORDERED AND ADJUDGED** that:

1. The Report and Recommendations of the Magistrate Judge (D.E. 363), issued on March 15, 2010, is **ADOPTED**;

2. As this case has suffered undue and inexcusable delay that is prejudicial to Defendant, Plaintiff's Motion to Reopen Case and For Status Conference (D.E. 352), filed on November 25, 2009, is **DENIED**;

3. The Court adopts the findings set forth in Judge Davis's Amendments to Court's August 15, 1996 Findings of Fact and Conclusions of Law (D.E. 246), issued on May 1, 2000, and the findings of Magistrate Judge Simonton in her February 17, 2006 Order (D.E. 349), and consistent with those findings, final judgment is **ENTERED** with regard to those issues remanded to this Court by

11

the Mandate of the United States Court of Appeals for the Federal Circuit (D.E. 212), issued on April 30, 1998;

4. Because the record reflects almost four years of inactivity, the Court finds Plaintiff has abandoned the sole remaining issue left unresolved from Judge Davis's amended findings, namely "[w]hether the '580 patent was covered by Defendant's licensing agreements. If so, the Court must determine whether Defendant breached the agreements and the proper remedy for any such breaches. If the '580 patent was not covered by the agreements, the Court must determine damages for Defendant's infringement of the '580 patent";

5. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of June, 2010.

                                             *[signature]*
                                             **JOAN A. LENARD**
                                             **UNITED STATES DISTRICT JUDGE**